IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO.: 4:23-CR-116-SA

RONNELL PRATT A/K/A "PJ" and
JARVIS HOOD   DEFENDANTS

ORDER

A federal grand jury returned an Indictment [1] against Defendants Ronnell Pratt and Jarvis Hood on August 15, 2023. This matter is currently set for trial on October 21, 2024.

On August 26, 2024, the Government filed a Motion *in Limine* [68] regarding the admissibility of business records pursuant to Federal Rules of Evidence 803(6) and 902(11). In its Motion [68], the Government "seeks admission of [certain] records under the business records exception by offering the affidavit or declaration of the records custodians. . . to avoid the time and expense of the various witness' travel from around the country." [68] at p. 3. The Government attached affidavits of records custodians to its Motion [68], though the corresponding records are not attached to the affidavits. *See* [68], Ex. 1.

On September 20, 2024, Hood responded in opposition to the Motion [68], contending that the affidavits submitted by the Government do not clearly correspond to the records produced in discovery.[1] For example, Hood contends that he did not receive records with the case numbers listed in the affidavits from Block, Inc. and Verizon. In its Reply [81], the Government contends: "The discovery materials provided in this case contain records from different providers with corresponding certificates that accompany them and, in some instances, reports or search warrant affidavits that further explain the records. In providing notice of its intent to authenticate records,

---

[1] Pratt submitted a Response [78] in which he indicated that he has no objection to the authenticity of the documents addressed in the Government's Motion *in Limine* [68].

the government extracted copies of all certificates of authenticity produced in discovery and separately provided them to facilitate locating the affidavits." [81] at p. 1.

Federal Rule of Evidence 803(6) exempts business records from the rule against hearsay. There are five requirements for the exemption to be in effect:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification;

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6).

As the Government points out, Hood cites no legal authority in support of his arguments. However, Hood's argument seems to go to the trustworthiness of the record-preparation procedures, given that Hood contends that the affidavits do not correspond to the records received.

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Mollentze v. Robinson Prop. Grp., LLC*, 2024 WL 1623538, at *1 (N.D. Miss. Apr. 15, 2024) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb, 13, 2015)).

The Court is not opposed to issuing a pre-trial ruling for purposes of the Rule 803(6) exemption. *See, e.g., United States v. Towns*, 718 F.3d 404 (5th Cir. 2013) (affirming trial court's admission of business records pursuant to affidavit of records custodian). However, at this stage,

the parties present to the Court differing opinions as to whether the necessary prerequisites have been satisfied. And the Court does not have the records before it and is therefore unable to resolve the dispute.

The Motion *in Limine* [68] is DENIED *without prejudice*. Should the Government desire to refile its request, it should attach all relevant documentation (including the records) and do so no later than October 7, 2024.[2]

SO ORDERED, this the 2nd day of October, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[2] If appropriate, the Government may seek to file the records as restricted documents.